(54 App. Div. 37.)

### COLE v. COLE.

(Supreme Court, Appellate Division, Second Department. October 6, 1900.)

PROCEEDS OF TRUST—IDENTIFICATION OF PROPERTY—PROOF—SUFFICIENCY.

Plaintiff intrusted deceased with $5,000 for investment in 1891, which he deposited in the bank to his own account, but neglected to invest. In August, 1897, he had $9,000 to his credit in the bank, which was reduced in September following to $945, and during the next year he deposited $30,000, which he had received from other parties for investment, which sums he never invested or repaid, and at his death, on July 3, 1898, he was insolvent, with but $21,000 to his credit in the bank. *Held*, that plaintiff was not entitled to subject the $21,000 to the operation of the trust in her favor, since she had failed to identify such money as the trust fund.

Appeal from special term, Kings county.

Action by Susan R. Cole against Bertha R. Cole, executrix of Randolph H. Cole, deceased. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Hugo Hirsh, for appellant.
Albert R. Moore (Robert Thorne, with him on the brief), for respondent.

GOODRICH, P. J. This action is brought to impress the funds in the hands of the defendant, as executrix of the last will of Randolph H. Cole, deceased, with a trust in favor of the plaintiff, arising out of the following allegations: Matthias W. Cole, the husband of the plaintiff, had insurance on his life amounting to $5,000. He died in April, 1891. This amount was received by the plaintiff, and placed by her in the hands of the testator, Randolph H. Cole,

an attorney, to invest in mortgages on real estate. Such investment was never made, but the money was deposited in the Mechanics' Bank by Cole in his own name. At the time of his death, in July, 1898, Cole had a large balance in the bank, which was transferred to the account of the defendant, who had qualified as executrix of the will of the deceased. Upon these allegations the plaintiff prayed judgment directing that the sum of $5,000, with interest, be set aside from the balance of funds belonging to the estate, and the executrix be directed to pay the same to the plaintiff. The defendant claims, in substance, that, even if the money was deposited by the deceased in the bank, it was subsequently withdrawn, and that the balance remaining in the bank consisted of moneys received by the deceased from other clients as trust funds, and that these, with the claims of the persons for whom the subsequent funds were deposited, are of superior right to the plaintiff's claim. The action was tried at special term, and the court gave judgment for the defendant. The decision was as follows:

"The plaintiff has proved to my satisfaction that she placed in the hands of the defendant's testator $5,000, to be invested for her; that such money was never invested by him, and that she is entitled to impress a trust upon her [sic] estate for the full amount due her, providing she has furnished proof of the identity of the fund in question. These facts appear substantially without dispute: The plaintiff deposited the $5,000 with her son in 1891, and he in turn deposited it to his credit in his bank. He died July 3, 1898, insolvent, with about $21,000 to his credit in his bank. On September 1, 1897, his balance in the bank was $945.27, and within less than a year before his death he deposited in the bank over $30,000, which had been placed in his hands in trust by various persons, and never repaid to them. The only valid claim plaintiff can have upon the money in the bank is based upon the contention that it is either her money or the money of the decedent. If he mingled her money with his, and then subsequently drew out money, he will be deemed to have drawn out his own money, and left her money in the bank; but upon the facts of this case I think there is no escape from the conclusion that he had drawn from the bank not only all his own money; but all of the plaintiff's money, besides money belonging to other people, deposited with him in trust. In re Holmes, 37 App. Div. 15, 55 N. Y. Supp. 708."

In the Holmes Case the court held that, where a trustee received a trust fund, and paid interest on that sum to the beneficiary, the character of the trust was established, although it appeared that the trustee had commingled the trust fund with his own individual fund; and that in making withdrawals from the fund after such commingling the trustee is presumed to have used only his individual moneys. The court recognized that it is only so long as the trust fund can be traced that the ownership can be attributed to the cestui que trust, and this doctrine is well established. While the evidence as to the receipt of the insurance money by the deceased is not very clear and satisfactory, it is sufficient to justify the finding of the court that the deceased received and deposited it in his bank account. This was in 1892. The record does not contain any evidence as to the moneys withdrawn by Cole from the bank for several years after the receipt and deposit of the money in question. The books of the bank, however, are in evidence, and show a balance in August, 1897, of more than $9,000. In September it had been reduced to $945. From that time on it increased, varying in amount

from time to time, and at his death amounted to nearly $21,000. Evidence was offered to show that the deceased had received various other sums of money for investment, which he had deposited in the bank, and had neither invested nor paid over to his clients at the time of his death. These amounted to a sum much greater than his balance in the bank and the entire amount of his estate. In one instance—that of Mrs. Paulison—he received from her for investment $5,000 a short time before his death. A suit similar in character to the one at bar was brought to recover that sum. Judgment was entered in favor of Mrs. Paulison, and the money was paid to her. A number of other creditors have proved their claims, and received a dividend of 10 per cent. thereon. It does not appear, however, that such creditors waived their specific liens upon the fund. It would not avail the plaintiff even if these creditors waived their specific claims upon the funds in bank. The question is whether the plaintiff has proved not only the deposit of her $5,000 in the bank, but its continuance therein at all times since it was deposited. It is evident that such is not the case, since at many times, as shown by the bank books, the fund was much less than the plaintiff's claim, running down, as has been said, at one time to $945; for it is a well-settled rule that the right to follow trust funds fails as soon as the tracing and identification fail. Ferris v. Van Vechten, 73 N. Y. 125; Cavin v. Gleason, 105 N. Y. 256, 11 N. E. 504. The record is deficient in evidence to establish the identification of the moneys in the bank account of the deceased at the time of his death with the money belonging to the plaintiff. Assuming that the plaintiff's fund was traced into the bank account in 1892, there is no evidence as to the condition of the bank account from that time down to August, 1897. The plaintiff has not shown that that amount, or any part of it, remained in the bank account during any part of those five years; and an action of this kind can be sustained only upon clear proof as to the identity of the fund. In Cavin v. Gleason the court said (pages 262, 263, 105 N. Y., and page 506, 11 N. E.):

"But it is the general rule, as well in a court of equity as in a court of law, that, in order to follow trust funds, and subject them to the operation of the trust, they must be identified. A court of equity, in pursuing the inquiry and in administering relief, is less hampered by technical difficulties than a court of law, and it may be sufficient, to entitle a party to equitable preference in the distribution of a fund in insolvency, that it appears that the fund or property of the insolvent remaining for distribution includes the proceeds of the trust estate, although it may be impossible to point out the precise thing in which the trust fund has been invested, or the precise time when the conversion took place. The authorities require at least this degree of distinctness in the proof, before preference can be awarded."

There is a total failure of any evidence to establish the fact that the plaintiff's fund remained in the bank account of the deceased during any portion of the five years in question. We do not find anything in the exceptions which materially affects the judgment. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.