FOLLOWING TRUST FUND—DEATH OF TRUSTEE.
The executors of a deceased trustee are chargeable with a trust fund that their decedent had for about nine years before his death, where there was no evidence that he had ever parted with it, and where, up to the time of his death, he paid the interest or income of it to the beneficiary, as did the trustees after his death, though the fund has been so commingled by the trustee with his own property that it cannot be distinguished as such.

In the matter of the estate of William Steinway, deceased. Exceptions filed to referee's report on judicial settlement of executor's account. Bill of exceptions sustained.

George W. Cotterill, for executors.
David McClure, for Farmers' Loan & Trust Co., trustee.
John Delehunty and Sullivan & Cromwell, for legatees.

FITZGERALD, S. The trust fund, the subject of contention, admittedly was in possession of the trustee nine years before his death, and it does not appear that he ever parted with it. He paid the interest or income thereof to the beneficiary up to the time of his death, and his executors thereafter made like payments. While there is no evidence as to the manner or form in which the funds were ultimately invested, if ever invested after the withdrawal thereof from Steinway & Co., there is nothing whatever to justify the conclusion that they had been wasted or converted to his own use by the trustee.

On the contrary, it is reasonable to infer from the payment of the interest or income of the fund by the trustee during his lifetime, and by his executors afterwards, and from the other circumstances, that the fund remained intact in the hands of the trustee until he died, and thereafter passed into the custody of his executors, doubtless commingled with his own property and effects, and indistinguishable from them. This being so, his executors must be charged with the fund, and required to turn over the same to the trustees who now represent the trust to which it belongs. In re Holmes, 37 App. Div. 15, 55 N. Y. Supp. 708, affirmed in 159 N. Y. 532, 53 N. E. 1126. The case of Cole v. Cole, 54 App. Div. 37, 66 N. Y. Supp. 314, which is relied upon to support the decision of the referee, is not opposed to the ruling in Re Holmes; nor does it, in my judgment, in any way modify it. Both cases recognize the necessity of tracing the fund into the possession of the deceased trustee at the time of his death. In the Holmes Case it was deemed to have been so traced, and to have gone into the funds of the estate of the deceased trustee, from the fact that he had paid the interest on it until his decease, and it was not shown that he had disposed of it in his lifetime. The correctness of this holding is not questioned, but impliedly approved, in Cole v. Cole. In that case the trust fund in question was deposited with other trust funds in the individual bank account of the trustee. It seems that between the time of making the deposit of the particular trust fund and that of the other trust funds the account was reduced to less than one-fifth of the former. At the time of the trustee's death the account showed a balance less than the total of all such deposits, and much less than the aggregate of such of them as were made after the reduction mentioned. Under these circumstances, it was manifestly impossible to trace into the balance the particular fund in controversy, as it could not be known whether the balance included it in whole or in part, or was entirely made up of money belonging to the other trust funds, or derived from other sources. The fund just referred to was not shown to have been in existence or in possession of the trustee at the time of his decease. The fund in question, as a result of the ruling required by the decision in Re Holmes, and of the evidence submitted on the subject, is shown to have been in existence at the time of the death of the trustee, and to have passed into the possession of his executors with the assets of his estate.

The exception under consideration is therefore sustained. The other exceptions are overruled, and the report confirmed, except as modified by the exception which I have sustained. Decreed accordingly.